v97666.wpd








NUMBER 13-97-666-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


MANUEL TRIGO, JR. , Appellant,



v.




MUÑOZ, HOCKEMA & REED , Appellee.

___________________________________________________________________



On appeal from the 139th District Court

of Hidalgo County, Texas.

___________________________________________________________________



O P I N I O N


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


 Appellant Manuel Trigo suffered a take-nothing summary judgment following his intervention in a lawsuit in which
appellee law firm, Muñoz, Hockema & Reed, L.L.P. (Muñoz) was a third-party defendant. Trigo complains the trial court
erred in granting Muñoz's motion for summary judgment. We affirm.

 The facts before us are relatively straightforward. Trigo agreed to represent Mrs. Petra Lopez in a claim for the wrongful
death of her husband, Tereso Lopez. Mrs. Lopez signed a contract in which she agreed to pay Trigo a forty percent
contingency fee. Trigo referred the claim to Muñoz with an oral agreement to evenly split any attorney's fees recovered. 
Muñoz then signed the decedent's five adult children as clients and filed a claim against Tri-Pack Machinery Services, Inc.
naming Lopez and the five children individually as plaintiffs. When Tri-Pack's insurer declared bankruptcy, Muñoz
reached a settlement agreement with the State of Texas Guaranty Fund for the maximum recovery available, $100,000. 
That agreement provided that Lopez and the other five plaintiffs would share in the sum equally, receiving $16,666.66
apiece, less expenses. 

 Considering the minimal amount of the recovery in light of so grievous a loss, the Muñoz law firm agreed to take no fee
for legal services and charged only the actual costs, to be borne equally by the six plaintiffs. Trigo declined Muñoz's
request that he, too, waive his fee, so Muñoz tendered Trigo a check in the amount of $3,333.33, representing fifty percent
of the attorney's fees attributable to Mrs. Lopez (half of the 40% contingent fee of Lopez's $16,666.66).

 Believing he had been swindled, Trigo intervened in the lawsuit, filing claims against Muñoz, all the plaintiffs, and
Tri-Pack Machinery, claiming twenty percent of the total recovery. The gist of his complaint was that he had referred
Lopez to Muñoz so that Lopez could properly represent all claimants under Texas's wrongful death statute. Accordingly,
he believed that he was entitled to fifty percent of all attorney's fees calculated against the entire sum recovered, regardless
of plaintiff, and not merely Lopez's share. He claimed that the parties had perpetrated a fraud against him by structuring
the settlement to reduce the amount to which he was entitled. 

 Muñoz moved for summary judgment on the basis that Trigo had never represented the five adult children and was not
entitled to recover attorney's fees for their representation. Muñoz also argued that Trigo's fraud claim must fail as a matter
of law. The trial court granted Muñoz's motion without comment.

 To prevail on a summary judgment motion, a movant must establish that no genuine issue of material fact exists and that
the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995) (per curiam). In reviewing a summary judgment, we must accept as true evidence in favor of the nonmovant,
indulging every reasonable inference and resolving all doubts in the nonmovant's favor. Nixon v. Mr. Property Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). When a trial court's order granting summary judgment does not specify the ground
or grounds relied on for its ruling, an appellate court will affirm a summary judgment if any of the theories advanced are
meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). 

 The original contract between Trigo and Muñoz was oral, but was memorialized in a letter dated September 3, 1992, from
John Tippit of the law firm of Muñoz, Hockema & Reed to Trigo. The body of the letter states:

 Recently, your secretary called our office and asked us to send a letter to you confirming that we are representing Petra
Lopez. Please be advised that we are representing Mrs. Lopez. In fact, suit was filed in this case in late June of this year.

 Enclosed with this letter is a copy of the Original Petition which was filed. Pursuant to your letter of May 6, 1991, we are
agreeable to dividing attorney fees for Mrs. Lopez with your office on a 50-50 basis.

 This letter was included as summary judgment evidence. In rebuttal, Trigo introduced his affidavit in which he states he
believed he was entitled to an equal share of all attorney's fees generated by the lawsuit. In response to a request for
admissions question asking Trigo to admit he had no written contract with Muñoz, Trigo denied the requested admission by
referencing this letter. He adds, "It was understood by all attorneys that I referred to the death case in its entirety. The
letter includes all claims for the death of Tereso Lopez, although it may not mention the children by name." However, the
letter refers only to the representation of Mrs. Petra Lopez, and states the firm will divide attorney fees for Mrs. Lopez with
Trigo on a 50-50 basis.

 Muñoz further argued that there were no contracts between Trigo and the decedent's five adult children. Trigo did not
directly refute this assertion, but responded that, under section 71.004 of the civil practices and remedies code, Lopez could
have brought suit on her own behalf and as legal representative of all other claimants. Tex. Civ. Prac. & Rem. Code Ann. §
71.004(b) (Vernon 1997). In fact, section 71.004(b) states: "The surviving spouse, children, and parents of the deceased
may bring the action or one or more of those individuals may bring the action for the benefit of all." Id. While it is true
Lopez, as surviving spouse, could have represented all the plaintiffs, it is not necessary that she do so. The lawsuit was
originally filed in the name of six separate plaintiffs. Lopez was named individually and in her capacity as representative of
her deceased husband's estate, and each of the children was named as a plaintiff in his or her own right. (1)

 No contractual relationship existed between Trigo and the five children. Trigo's referral to Muñoz of Mrs. Lopez was
solely a referral of that client, and included no other persons. It applied to no additional parties in the subsequent litigation.

 Appellant Trigo's first issue is overruled.

 By his second issue, Trigo asserts that the trial court erred in granting summary judgment regarding his claim that Muñoz
committed fraud by structuring the settlement agreement in such a way as to deprive Trigo of his rightful attorney's fees
under the referral contract. This is based on the unstated and unfounded assertion that what was referred to the Muñoz law
firm was a "death case," and that Trigo is entitled to a portion of all attorney's fees resulting from the "case," regardless of
client identity. However, a client, Lopez, was referred by Trigo to Muñoz, and the client was entitled to bring an action for
the death of her husband. 

 In its summary judgment motion, Muñoz argues, "Of course, as illustrated by this claim, even Intervenor Trigo understands
that he has no claim for a referral fee for people that he never represented." Just so. Trigo's fraud claim depends on a
holding that Trigo represented all the plaintiffs involved and that his referral contract with Muñoz contemplated division of
fees for all six plaintiffs. 

 The only contract between Trigo and Muñoz regarding this lawsuit applied solely to Lopez, and not the five children. 
Muñoz honored its agreement with Trigo by splitting the fees that resulted from the representation of Lopez. Lopez was
Trigo's only client in this matter and the only one that he could refer for representation.

 We hold the trial court properly granted summary judgment regarding Trigo's claim Muñoz fraudulently structured the
settlement arrangement. Trigo's second issue is overruled and the judgment is AFFIRMED.



 ______________________________

 J. BONNER DORSEY,

 Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 6th day of May, 1999.

1. The lawsuit was filed in the names of: Petra Lopez, individual and as representative of the estate of Tereso Lopez,
deceased, George A. Lopez, Lydia S. De La Garza, Olga Leticia Perales, Esmeralda Garza and Joyolanda Garza, plaintiffs.