

# NUMBER 13-08-00634-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MICHAEL ANTHONY EVANS,** **Appellant,**

**v.**

**ANDREA E. ELDRIDGE, MICHAEL JACKSON, LANA K. PODSIM, TONY CLEMENTS, AND HEATHER JUNKERMEIER,** **Appellees.**

## On appeal from the 267th District Court of De Witt County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Michael Anthony Evans, is an inmate currently housed in the Stevenson Unit of the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID"). Evans brings the instant pro se appeal complaining that the trial court erred by dismissing his civil rights suit against appellees, TDCJ-ID employees Tony Clements, Andrea Eldridge, Michael Jackson, Heather Junkermeier, and Lana Podsim. We affirm.

## I. BACKGROUND

On March 28, 2008, Eldridge, a correctional officer at the Stevenson Unit, filed a disciplinary report alleging that Evans committed sexual misconduct by masturbating in

public. On April 2, 2008, a hearing regarding the allegations was held before Jackson, a disciplinary hearing officer. After reviewing the evidence, Jackson rendered a finding of guilt and assessed various punishments against Evans, including restrictions on his recreation and commissary privileges as well as a modification of Evans's custody level from minimum security to medium security. Jackson's decision was later affirmed on appeal by Podsim, a grievance investigator.[1]

Evans, proceeding pro se and *in forma pauperis*, filed his original petition against appellees on June 26, 2008, seeking damages and alleging that the appellees had deprived him of, and conspired to interfere with, his civil rights. *See* 42 U.S.C. §§ 1983, 1985(3) (2009). The petition specifically alleged that Eldridge, along with fellow correctional officers Clements and Junkermeier, conspired to file a false disciplinary report against Evans in retaliation for prior legal actions taken by Evans against the TDCJ. The petition further alleged that Evans was denied a fair and impartial disciplinary hearing by Jackson, and that he was denied fair and impartial appellate review by Podsim.

On July 28, 2008, Eldridge, Jackson, Junkermeier, and Podsim filed an answer generally denying Evans's allegations, as well as a motion to dismiss Evans's suit as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). The motion to dismiss alleged specifically that: (1) Evans failed to exhaust his administrative remedies against Podsim and Jackson; (2) Evans's civil rights claims are not cognizable because judgment for him would "necessarily imply" the invalidity of the disciplinary actions taken against him; and (3) Evans's allegations do not support a retaliation or due process claim under section 1983 or a conspiracy claim under section 1985. The trial court granted

---

[1] The TDCJ's administrative grievance process, instituted at the behest of the legislature, *see* Tex. Gov't Code Ann. § 501.008(a) (Vernon 2004), begins with an informal attempt to resolve the inmate's problem. If the informal attempt is unsuccessful, two steps follow. First, the inmate has fifteen days from the grievable event to forward a step 1 grievance form to the unit grievance investigator. If unsatisfied with the step 1 decision, the inmate may appeal by submitting a step 2 form to the unit grievance investigator within fifteen days of the step 1 response. *See* Tex. Dep't of Criminal Justice, Offender Orientation Handbook 52 (rev. Nov. 2004), *available at* http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last visited July 16, 2009); *see also Whirty v. Grimes*, Nos. 07-08-0394-CV, 07-09-0111-CR, 2009 Tex. App. LEXIS 2535, at *4-5 (Tex. App.–Amarillo Apr. 14, 2009, no pet.) (mem. op., not designated for publication). It is undisputed that Evans exhausted this procedure with respect to Clements, Eldridge, and Junkermeier.

the motion to dismiss on August 18, 2008, without specifying the grounds upon which it was granted.

Evans filed a motion for new trial on September 5, 2008 and a motion for default judgment with respect to Clements on October 7, 2008. The motions for new trial and for default judgment were denied on October 22, 2008. This appeal followed.

## II. DISCUSSION

### A. Applicable Law and Standard of Review

Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such as the suit at bar, filed by inmates who declare themselves unable to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002). Section 14.003 authorizes a trial court to dismiss any claim in such a suit where the court finds that the claim is frivolous or malicious. *Id.* § 14.003(a)(2). The statute states that, in determining whether a claim is frivolous or malicious, the trial court may consider whether:

(1)     the claim's realistic chance of ultimate success is slight;

(2)     the claim has no arguable basis in law or in fact;

(3)     it is clear that the party cannot prove facts in support of the claim; or

(4)     the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b). A trial court may dismiss a chapter 14 suit without affording the inmate notice, opportunity to be heard, or opportunity to amend the petition. *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.–Tyler 1996, writ denied) (citing *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.–Tyler 1992, no writ); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 155 (Tex. App.–Houston [14th Dist.] 1990, no writ)).

When a trial court dismisses an inmate's suit as frivolous or malicious, we review that ruling under an abuse of discretion standard. *Jackson v. Tex. Dep't of Criminal Justice-Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied). To establish an abuse of discretion, Evans must show that the trial court's action was

arbitrary or unreasonable in light of all the circumstances in the case, or that the trial court acted without reference to any guiding rules and principles. *Lewis v. Johnson*, 97 S.W.3d 885, 887 (Tex. App.–Corpus Christi 2003, no pet.); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *see also McCray v. Langehenning*, No. 13-07-00143-CV, 2008 Tex. App. LEXIS 6522, at *2-3 (Tex. App.–Corpus Christi Aug. 26, 2008, no pet.) (mem. op.). Because the trial court did not specify the grounds for dismissal, we will affirm the decision if any theory advanced in the motion to dismiss is meritorious. *Walker v. Gonzales County Sheriff's Dep't*, 35 S.W.3d 157, 162 (Tex. App.–Corpus Christi 2000, pet. denied) (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Trigo v. Munoz*, 993 S.W.2d 419, 421 (Tex. App.–Corpus Christi 1999, pet. denied)).

**B.    Analysis**

It is well settled that if an inmate wishes to challenge a disciplinary conviction or punishment that he receives while he is incarcerated, as in this case, he must file a habeas corpus action in federal court. *See Preiser v. Rodriguez*, 411 U.S. 485, 500 (1973); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983); *Ex parte Brager*, 704 S.W.3d 46, 46 (Tex. Crim. App. 1986) (holding that Texas state courts will not entertain habeas actions challenging violations of prison disciplinary procedures); *see also Jones v. Tex. Dep't of Criminal Justice-Corr. Insts. Div.*, No. 13-05-197-CV, 2006 Tex. App. LEXIS 5088, at *7-8 (Tex. App.–Corpus Christi June 15, 2006, no pet.) (mem. op.). That is because a federal habeas corpus petition is the exclusive remedy available to a claimant where the relief requested would "undermine the validity of a state conviction." *Alexander*, 714 F.2d at 419 (citing *Richardson v. Fleming*, 651 F.2d 366, 373 (5th Cir. 1981)). This reasoning extends to appeals where the requested relief would undermine the validity of a prison disciplinary ruling. *See id.*[2]

---

[2] Under these circumstances, an inmate's civil rights claims will nevertheless be cognizable if it is demonstrated that the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see Edwards v. Balisok*, 520 U.S. 641, 643 (1997). It is undisputed that none of the punishments imposed upon Evans at the April 2, 2008 disciplinary hearing have been invalidated in any way.

Evans asserts that a judgment in his favor "would not necessarily imply the invalidity of his disciplinary hearing." *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that habeas is the exclusive remedy for a state prisoner where the relief requested would "necessarily imply" the invalidity of the conviction or sentence). However, the Fifth Circuit Court of Appeals has held that:

> Whatever the nature of the relief he seeks for an isolated violation, the prisoner must resort to habeas corpus and exhaust state remedies. On the other hand, we have suggested that "a broad due process challenge" to a prison disciplinary system would represent a challenge to conditions of confinement, for which a civil rights remedy would be available.

*Alexander*, 714 F.2d at 419 (internal citations omitted). Evans states that the gravamen of his suit is a challenge to the "conditions of confinement," but his allegations stem solely from the disciplinary hearing held on April 2, 2008, and the subsequent administrative appeal. Evans does not make a "broad due process challenge" to the conditions of confinement; rather, he merely contends that he was deprived of fair hearings in this particular, isolated instance. We therefore conclude that, under the doctrines set forth in *Preiser* and *Alexander*, none of Evans's civil rights claims are cognizable under sections 1983 or 1985 of title 42 of the United States Code.

Because Evans's suit had no arguable basis in law or fact, the trial court was within its discretion to dismiss it as frivolous under section 14.003(b) of the civil practice and remedies code. Evans's issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 13th day of August, 2009.

5