NUMBER 13-08-00634-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MICHAEL ANTHONY EVANS, Appellant,


v.



ANDREA E. ELDRIDGE, MICHAEL

JACKSON, LANA K. PODSIM, TONY

CLEMENTS, AND HEATHER JUNKERMEIER, Appellees.

 




On appeal from the 267th District Court of De Witt County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza



 Appellant, Michael Anthony Evans, is an inmate currently housed in the Stevenson
Unit of the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID"). Evans
brings the instant pro se appeal complaining that the trial court erred by dismissing his civil
rights suit against appellees, TDCJ-ID employees Tony Clements, Andrea Eldridge,
Michael Jackson, Heather Junkermeier, and Lana Podsim. We affirm.

I. Background

 On March 28, 2008, Eldridge, a correctional officer at the Stevenson Unit, filed a
disciplinary report alleging that Evans committed sexual misconduct by masturbating in
public. On April 2, 2008, a hearing regarding the allegations was held before Jackson, a
disciplinary hearing officer. After reviewing the evidence, Jackson rendered a finding of
guilt and assessed various punishments against Evans, including restrictions on his
recreation and commissary privileges as well as a modification of Evans's custody level
from minimum security to medium security. Jackson's decision was later affirmed on
appeal by Podsim, a grievance investigator. (1)

 Evans, proceeding pro se and in forma pauperis, filed his original petition against
appellees on June 26, 2008, seeking damages and alleging that the appellees had
deprived him of, and conspired to interfere with, his civil rights. See 42 U.S.C. §§ 1983,
1985(3) (2009). The petition specifically alleged that Eldridge, along with fellow
correctional officers Clements and Junkermeier, conspired to file a false disciplinary report
against Evans in retaliation for prior legal actions taken by Evans against the TDCJ. The
petition further alleged that Evans was denied a fair and impartial disciplinary hearing by
Jackson, and that he was denied fair and impartial appellate review by Podsim.

 On July 28, 2008, Eldridge, Jackson, Junkermeier, and Podsim filed an answer
generally denying Evans's allegations, as well as a motion to dismiss Evans's suit as
frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). The
motion to dismiss alleged specifically that: (1) Evans failed to exhaust his administrative
remedies against Podsim and Jackson; (2) Evans's civil rights claims are not cognizable
because judgment for him would "necessarily imply" the invalidity of the disciplinary actions
taken against him; and (3) Evans's allegations do not support a retaliation or due process
claim under section 1983 or a conspiracy claim under section 1985. The trial court granted
the motion to dismiss on August 18, 2008, without specifying the grounds upon which it
was granted.

 Evans filed a motion for new trial on September 5, 2008 and a motion for default
judgment with respect to Clements on October 7, 2008. The motions for new trial and for
default judgment were denied on October 22, 2008. This appeal followed.

II. Discussion

A. Applicable Law and Standard of Review

 Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such
as the suit at bar, filed by inmates who declare themselves unable to pay costs. Tex. Civ.
Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002). Section 14.003 authorizes a trial
court to dismiss any claim in such a suit where the court finds that the claim is frivolous or
malicious. Id. § 14.003(a)(2). The statute states that, in determining whether a claim is
frivolous or malicious, the trial court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;


(2) the claim has no arguable basis in law or in fact;


(3) it is clear that the party cannot prove facts in support of the claim; or


(4) the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.


Id. § 14.003(b). A trial court may dismiss a chapter 14 suit without affording the inmate
notice, opportunity to be heard, or opportunity to amend the petition. Aguilar v. Chastain,
923 S.W.2d 740, 745 (Tex. App.-Tyler 1996, writ denied) (citing Timmons v. Luce, 840
S.W.2d 582, 586 (Tex. App.-Tyler 1992, no writ); Kendrick v. Lynaugh, 804 S.W.2d 153,
155 (Tex. App.-Houston [14th Dist.] 1990, no writ)).

 When a trial court dismisses an inmate's suit as frivolous or malicious, we review
that ruling under an abuse of discretion standard. Jackson v. Tex. Dep't of Criminal
Justice-Institutional Div., 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi 2000, pet. denied). 
To establish an abuse of discretion, Evans must show that the trial court's action was
arbitrary or unreasonable in light of all the circumstances in the case, or that the trial court
acted without reference to any guiding rules and principles. Lewis v. Johnson, 97 S.W.3d
885, 887 (Tex. App.-Corpus Christi 2003, no pet.); see Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); see also McCray v. Langehenning, No. 13-07-00143-CV, 2008 Tex. App. LEXIS 6522, at *2-3 (Tex. App.-Corpus Christi Aug. 26, 2008,
no pet.) (mem. op.). Because the trial court did not specify the grounds for dismissal, we
will affirm the decision if any theory advanced in the motion to dismiss is meritorious. 
Walker v. Gonzales County Sheriff's Dep't, 35 S.W.3d 157, 162 (Tex. App.-Corpus Christi
2000, pet. denied) (citing Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Trigo v.
Munoz, 993 S.W.2d 419, 421 (Tex. App.-Corpus Christi 1999, pet. denied)).

B. Analysis

 It is well settled that if an inmate wishes to challenge a disciplinary conviction or
punishment that he receives while he is incarcerated, as in this case, he must file a habeas
corpus action in federal court. See Preiser v. Rodriguez, 411 U.S. 485, 500 (1973);
Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983); Ex parte Brager, 704 S.W.3d 46,
46 (Tex. Crim. App. 1986) (holding that Texas state courts will not entertain habeas actions
challenging violations of prison disciplinary procedures); see also Jones v. Tex. Dep't of
Criminal Justice-Corr. Insts. Div., No. 13-05-197-CV, 2006 Tex. App. LEXIS 5088, at *7-8
(Tex. App.-Corpus Christi June 15, 2006, no pet.) (mem. op.). That is because a federal
habeas corpus petition is the exclusive remedy available to a claimant where the relief
requested would "undermine the validity of a state conviction." Alexander, 714 F.2d at 419
(citing Richardson v. Fleming, 651 F.2d 366, 373 (5th Cir. 1981)). This reasoning extends
to appeals where the requested relief would undermine the validity of a prison disciplinary
ruling. See id. (2)

 Evans asserts that a judgment in his favor "would not necessarily imply the invalidity
of his disciplinary hearing." See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that
habeas is the exclusive remedy for a state prisoner where the relief requested would
"necessarily imply" the invalidity of the conviction or sentence). However, the Fifth Circuit
Court of Appeals has held that:

Whatever the nature of the relief he seeks for an isolated violation, the
prisoner must resort to habeas corpus and exhaust state remedies. On the
other hand, we have suggested that "a broad due process challenge" to a
prison disciplinary system would represent a challenge to conditions of
confinement, for which a civil rights remedy would be available.


Alexander, 714 F.2d at 419 (internal citations omitted). Evans states that the gravamen
of his suit is a challenge to the "conditions of confinement," but his allegations stem solely
from the disciplinary hearing held on April 2, 2008, and the subsequent administrative
appeal. Evans does not make a "broad due process challenge" to the conditions of
confinement; rather, he merely contends that he was deprived of fair hearings in this
particular, isolated instance. We therefore conclude that, under the doctrines set forth in
Preiser and Alexander, none of Evans's civil rights claims are cognizable under sections
1983 or 1985 of title 42 of the United States Code.

 Because Evans's suit had no arguable basis in law or fact, the trial court was within
its discretion to dismiss it as frivolous under section 14.003(b) of the civil practice and
remedies code. Evans's issue is overruled.

III. Conclusion

 The judgment of the trial court is affirmed.



 

 DORI CONTRERAS GARZA,

 Justice

 

Memorandum Opinion delivered and 

filed this the 13th day of August, 2009.
1. The TDCJ's administrative grievance process, instituted at the behest of the legislature, see Tex.
Gov't Code Ann. § 501.008(a) (Vernon 2004), begins with an informal attempt to resolve the inmate's
problem. If the informal attempt is unsuccessful, two steps follow. First, the inmate has fifteen days from the
grievable event to forward a step 1 grievance form to the unit grievance investigator. If unsatisfied with the
step 1 decision, the inmate may appeal by submitting a step 2 form to the unit grievance investigator within
fifteen days of the step 1 response. See Tex. Dep't of Criminal Justice, Offender Orientation Handbook
52 (rev. Nov. 2004), available at http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last
visited July 16, 2009); see also Whirty v. Grimes, Nos. 07-08-0394-CV, 07-09-0111-CR, 2009 Tex. App.
LEXIS 2535, at *4-5 (Tex. App.-Amarillo Apr. 14, 2009, no pet.) (mem. op., not designated for publication). 
It is undisputed that Evans exhausted this procedure with respect to Clements, Eldridge, and Junkermeier.
2. Under these circumstances, an inmate's civil rights claims will nevertheless be cognizable if it is
demonstrated that the conviction or sentence has previously been invalidated. Heck v. Humphrey, 512 U.S.
477, 487 (1994); see Edwards v. Balisok, 520 U.S. 641, 643 (1997). It is undisputed that none of the
punishments imposed upon Evans at the April 2, 2008 disciplinary hearing have been invalidated in any way.