NUMBER 13-11-00057-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

RAY ANTHONY BAILEY,                                                             Appellant, 

                                                                             

 

v.

 

STANLEY G. SCHNEIDER,                                                                    
Appellee.

                                                                                                                             

 

On appeal from the 23rd
District
Court

of Matagorda County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza 

 

            Appellant Ray Anthony
Bailey, pro se, challenges the trial court’s dismissal of his suit against his
former attorney, appellee Stanley G. Schneider.  Bailey argues by four issues
that the trial court erred in granting Schneider’s motion to dismiss.  We
affirm.

I. 
Background

            Bailey is a prison inmate
serving a thirty-year sentence for aggravated assault.  See Bailey v. State,
46 S.W.3d 487 (Tex. App.—Corpus Christi 2001, pet. ref’d) (affirming
conviction).  In 2001, Bailey retained Schneider to file a petition for writ of
habeas corpus on his behalf under Texas Code of Criminal Procedure article
11.07.  See Tex. Code Crim. Proc.
Ann. art. 11.07 (West Supp. 2010).  According to Bailey, Schneider filed
the petition late.

            In 2010, Bailey sued
Schneider for “negligence, gross negligence and violation of rights and
privileges secured by the Texas Constitution.”  Alleging that Schneider
breached his duty to timely file the habeas corpus application, Bailey sought
$5 million in compensatory damages and $250,000 in punitive damages.  Schneider
subsequently moved to dismiss the suit pursuant to section 14.003 of the Texas
Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002).  Specifically,
Schneider alleged that Bailey’s claims are frivolous and malicious because they
are barred by:  (1) the applicable statute of limitations; (2) the doctrine of
res judicata; and (3) the Texas Supreme Court’s ruling in Peeler v. Hughes
& Luce, 909 S.W.2d 494, 497-98 (Tex. 1995) (“Plaintiffs who have been
convicted of a criminal offense may negate the sole proximate cause bar to
their claim for legal malpractice in connection with that conviction only if
they have been exonerated on direct appeal, through post-conviction relief, or
otherwise.”).[1]

The trial court granted the motion on
April 26, 2011 and rendered a final judgment dismissing Bailey’s claims with
prejudice.[2] 
This appeal followed.

II. 
Discussion

            Chapter
14 of the Texas Civil Practice and Remedies Code applies to all suits, such as
the suit at bar, filed by inmates who declare themselves unable to pay costs. See Tex. Civ. Prac.
& Rem. Code Ann. § 14.002(a) (West 2002).  Section 14.003
authorizes a trial court to dismiss any claim in such a suit where the court
finds that the claim is frivolous or malicious.  Id. § 14.003(a)(2).  The
statute states that, in determining whether a claim is frivolous or malicious,
the trial court may consider whether:

(1)      the claim’s realistic chance of
ultimate success is slight;

 

(2)      the claim has no arguable basis in law
or in fact;

 

(3)      it is clear that the party cannot
prove facts in support of the claim; or

 

(4)      the claim is substantially similar to
a previous claim filed by the inmate because the claim arises from the same
operative facts.

 

Id. § 14.003(b).  A
trial court may dismiss a chapter 14 suit as frivolous or malicious without
affording the inmate notice, opportunity to be heard, or opportunity to amend
the petition.  Aguilar v. Chastain, 923 S.W.2d 740, 745 (Tex. App.—Tyler
1996, writ denied) (citing Timmons v. Luce, 840 S.W.2d 582, 586 (Tex.
App.—Tyler 1992, no writ); Kendrick v. Lynaugh, 804 S.W.2d 153, 155
(Tex. App.—Houston [14th Dist.] 1990, no writ)).

When a trial court dismisses
an inmate’s suit as frivolous or malicious, we review that ruling under an
abuse of discretion standard.  Jackson v. Tex. Dep’t of Criminal
Justice-Institutional Div., 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi
2000, pet. denied).  To establish an abuse of discretion, Bailey must show that
the trial court’s action was arbitrary or unreasonable in light of all the
circumstances in the case, or that the trial court acted without reference to
any guiding rules and principles.  Lewis v. Johnson, 97 S.W.3d 885, 887
(Tex. App.—Corpus Christi 2003, no pet.); see Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  Because the trial
court did not specify the grounds for dismissal, we will affirm the decision if
any theory advanced in Schneider’s motion to dismiss is meritorious.  See Walker
v. Gonzales County Sheriff’s Dep’t, 35 S.W.3d 157, 162 (Tex. App.—Corpus
Christi 2000, pet. denied) (citing Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989); Trigo v. Munoz, 993 S.W.2d 419, 421 (Tex. App.—Corpus
Christi 1999, pet. denied)).

            By his
first issue, Bailey contends that the trial court erred if it granted the
motion to dismiss on the basis that his suit was barred by the applicable
statute of limitations.  We disagree.  The period of limitations for legal
malpractice claims is two years.  Apex Towing Co. v. Tolin, 41 S.W.3d
118, 120 (Tex. 2001) (citing Tex. Civ.
Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2010)).  Limitations
generally begins to run when the cause of action accrues, which means “when
facts have come into existence that authorize a claimant to seek a judicial
remedy.”  Id. (citing Johnson & Higgins of Tex., Inc. v. Kenneco
Energy, Inc., 962 S.W.2d 507, 514 (Tex. 1998); Murray v. San Jacinto
Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990)).  Here, Bailey alleges in
his suit that Schneider was negligent by filing the habeas corpus petition
late, on March 19, 2003.  Bailey did not file the underlying suit until
February 9, 2010, almost seven years later.  Bailey’s imprisonment did not
suspend the running of the limitations period.  See Lerma v. Pecorino,
822 S.W.2d 831, 832 (Tex. App.—Houston [1st Dist.] 1992, no writ) (noting that,
as of September 1, 1987, imprisonment was removed from the list of legal
disabilities that suspend the running of the limitations period); see also
Walton v. 203rd Dist. Court, No. 05-06-01460-CV, 2007 Tex. App. LEXIS 2830,
at *3 (Tex. App.—Dallas Apr. 13, 2007, no pet.) (mem. op.).  Moreover, there
was no pending legal proceeding that would toll the running of the statute.  See
Hughes v. Mahaney & Higgins, 821 S.W.2d 154, 157 (Tex. 1991) (“[W]hen
an attorney commits malpractice in the prosecution or defense of a claim that
results in litigation, the statute of limitations on the malpractice claim
against the attorney is tolled until all appeals on the underlying claim are
exhausted.”).  Bailey’s suit is barred by limitations.  See Tex. Civ. Prac. & Rem. Code Ann. §
16.003(a).

Because Bailey’s claims
have no arguable basis in law or in fact, we conclude that the trial court was
within its discretion to dismiss the suit as frivolous.  See id. §
14.003(b)(2).  We overrule Bailey’s first issue.[3]

III. 
Conclusion

            The judgment
of the trial court is affirmed.

                                                                                                

                                                                                                

DORI
CONTRERAS GARZA

                                                                                                Justice

 

 

Delivered and
filed the 

18th day of August,
2011.









[1]
Schneider also alleged in his motion to dismiss that, in a 2004 malpractice
suit filed against Schneider in Harris County, Bailey filed an affidavit of
indigency in bad faith.  According to Schneider, as a result of that bad faith
affidavit, Bailey owes fees to the Fourteenth Court of Appeals.  Schneider
therefore requested that the trial court:  (1) order Bailey to pay the fees
owed to the Fourteenth Court of Appeals; and (2) order that, until Bailey makes
that payment, Texas court clerks may not accept any claims by Bailey for filing
without payment of costs.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.006, 14.011 (West 2002).

 





[2]
The final judgment also included the findings and orders requested by Schneider
as detailed above.  See supra n.1.





[3]
In light of our conclusion that the trial court’s judgment was proper on
limitations grounds, we do not address Bailey’s second and third issues, in
which he contends that the trial court erred if it dismissed his suit on
grounds that it was barred by res judicata or by Peeler v. Hughes & Luce,
909 S.W.2d 494, 497-98 (Tex. 1995), respectively.  See Tex. R. App. P. 47.1.

 

By his fourth issue, Bailey appears to argue that the
trial court erred in granting Schneider’s requests for findings and orders
related to the 2004 Harris County suit.  See supra n.1.  However, Bailey
has not supported his fourth issue with a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record;
accordingly, the issue is waived.  See Tex.
R. App. P. 38.1(i).