**Freddie Lee WALKER, Appellant,**

v.

**GONZALES COUNTY SHERIFF'S DEPARTMENT, Gonzales County Sheriff D.J. Brzozowski, and Gonzales County Deputy Sheriff Bob Erwin, Appellees.**

**No. 13–99–436–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 7, 2000.

Rehearing Overruled Feb. 1, 2001.

Freddie Lee Walker, Rosharon, pro se.

Paul D. Palmer, Austin, for Appellees.

Before Justices HINOJOSA, YAÑEZ, and CHAVEZ.

## OPINION

Opinion by Justice HINOJOSA.

Appellant, Freddie Lee Walker, a state prison inmate, filed a *pro se* personal injury suit against appellees, the Gonzales County Sheriff's Department, Gonzales County Sheriff D.J. Brzozowski and Gonzales County Deputy Sheriff Bob Erwin, claiming appellees' negligence caused a fellow inmate to commandeer Erwin's patrol car during an escape attempt and then crash the car into a ditch. Appellant, a back-seat passenger, received facial injuries. Appellees moved to dismiss the action because, *inter alia,* appellant did not comply with the procedural requirements of Chapter 14 of the Texas Civil Practices and Remedies Code, which governs civil suits filed by inmates claiming inability to pay costs. TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a)(Vernon Supp.2000). The trial court granted appellees' motion to dismiss, and this appeal ensued. We affirm.

■ In his second issue, appellant complains that he "was denied due process because the trial court denied [him] an opportunity to sustain his burden of proof on Appellees' Motion to Dismiss." Appellant contends he received late notice of the motion to dismiss and the hearing on the motion, and that the trial court's consideration of appellees' evidence at that hearing violated his due process rights.

The Texas Rules of Civil Procedure require that every motion be filed with the clerk of the court and served on all parties. TEX.R. CIV. P. 21. Every notice required by rule 21 "may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, ... by certified or registered mail, to the party's last known address...." TEX.R. CIV. P. 21a.

Appellees filed their motion to dismiss on June 9, 1999, and served notice on appellant via certified mail at the Caldwell County Jail. Appellant claims he was moved to a state prison on June 2, 1999, and that he did not receive notice of the hearing until June 24, 1999, the day of the hearing. The record contains no evidence of when or where appellant was served. There is no indication in the record that appellant ever filed a formal notice of his change of address.

The record reflects that appellant did not respond to the motion until after the date of the hearing. On July 6, 1999, appellant filed his "objections to Defendant's [sic] ... Motion to Dismiss Evidence, Motion for Sanctions and Motion to Dismiss Response." The document is dated June 28, 1999 and is unverified. In the document, appellant states that "[t]here are no previous suits," objects to the "Mo-

tion to Dismiss Evidence," and argues there is a basis for his claims in law or in fact. Appellant does not object to nor mention any late notice. After discovering the motion to dismiss had been granted, appellant filed his notice of appeal on July 7, 1999. Although on July 9, 1999, he filed a complaint against the trial judge with the State Commission on Judicial Conduct complaining that he did not receive timely notice of the hearing, appellant never filed a motion for new trial or any other motion with the trial court contesting lack of timely notice, and never presented any evidence to the trial court to support this allegation.

 A complaint of inadequate notice under Texas Rules of Civil Procedure 21 or 21a is waived absent a timely and specific objection. *Union City Body Co., Inc. v. Ramirez,* 911 S.W.2d 196, 201 (Tex. App.—San Antonio 1995, no writ); *Prade v. Helm,* 725 S.W.2d 525, 526 (Tex.App.—Dallas 1987, no writ); *see also* TEX.R.APP. P. 33.1 (to preserve an issue for appeal, the issue must be timely presented to the trial court and an adverse ruling must be obtained). Even in the summary judgment context, an allegation that a party received less than the required notice under rule 166a can be waived unless it is promptly brought to the attention of the trial court. *Union City Body,* 911 S.W.2d at 201; *Jones v. Jones,* 888 S.W.2d 858, 859 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Negrini v. Beale,* 822 S.W.2d 822, 823 (Tex.App.—Houston [14th Dist.] 1992, no writ). A claim of inadequate notice may be raised by a motion for new trial. *See, e.g., Dunn v. Menassen,* 913 S.W.2d 621, 626 (Tex.App.—Corpus Christi 1995, writ denied)(appellant's counsel denied receiving the pleading in question both at trial and later by motion for new trial). We, therefore, hold that appellant has not preserved this issue for our review.

1. Appellant is apparently referring to a statement in appellees' motion to dismiss that he had been indicted on a charge of attempted capital murder for being a willing and active participant in the escape attempt that ulti-

 In his second issue, appellant further argues that the trial court:

abused his discretion and denied Appellant due process in considering [appellees'] evidence [1] which was not reliable, not what it purported to be, inadmissible, misleading in the extreme, and brought in bad faith.

However, the reporter's record of the hearing shows that no evidence was presented at the hearing. Appellees asked the trial court only to determine whether appellant had complied with the requirements of chapter 14 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–14.004 (Vernon Supp.2000). Appellant's second issue is overruled.

 In his third issue, appellant complains the trial court erred in dismissing his cause of action for failure to comply with the requirements of chapter 14 of the civil practices and remedies code. *Id.*

 Inmate litigation (except suits brought under the family code) in which the inmate files an affidavit or unsworn declaration of inability to pay costs is governed by the special procedural rules set out in chapter 14 of the civil practice and remedies code. TEX. CIV. PRAC. & REM.CODE ANN. § 14.001 (Vernon Supp.2000). The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume valuable judicial resources with little offsetting benefits. *Hickson v. Moya,* 926 S.W.2d 397, 399 (Tex.App.—Waco 1996, no writ). The rules set out in chapter 14 may not be modified or repealed by the regular rules of civil procedure. TEX. CIV. PRAC. & REM. CODE ANN. § 14.014 (Vernon Supp.2000).

mately led to his injuries. This was relevant to appellees' assertion that appellant's claims were untenable under the Texas Tort Claims Act.

 The trial court has broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon Supp.2000); *Jackson v. Texas Dep't of Crim. Justice—Institutional Div.*, 28 S.W.3d 811, 813, 2000 Tex.App. LEXIS 6009, at *2 (Tex.App.—Corpus Christi August 31, 2000, no pet. h.); *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex.App.—Houston [1st Dist.], 1998, no pet.). In determining whether a claim is frivolous or malicious, the trial court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon Supp.2000); *Jackson*, 28 S.W.3d at 814, 2000 Tex.App. LEXIS 6009, at *3.

 The dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration of inability to pay costs is reviewed under an abuse of discretion standard. *Jackson*, 28 S.W.3d at 812–13, 2000 Tex.App. LEXIS 6009, at *3; *Barnum v. Munson*, 998 S.W.2d 284, 286 (Tex.App.—Dallas 1999, pet. denied); *McCollum v. Mt. Ararat Baptist Church, Inc.*, 980 S.W.2d 535, 536 (Tex.App.—Houston [14th Dist.] 1998, no pet.); *Hickson*, 926 S.W.2d at 398. To establish abuse of discretion, the complaining party must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). Stated differently, abuse of discretion is determined by examining whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *McCollum*, 980 S.W.2d at 536–37.

Section 14.004 of the Texas Civil Practice & Remedies Code provides that:

(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs should file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.004 (Vernon Supp.2000). The affidavit or unsworn declaration required by this section was not included in appellant's pleadings.

This court has previously held that:

when an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. Our holding advances the purposes for which the Texas Legislature enacted the section on inmate litigation and the special requirements in section 14.004.

*Jackson*, 28 S.W.3d at 814, 2000 Tex.App. LEXIS 6009, at *7; *see also, Samuels v. Strain*, 11 S.W.3d 404, 406 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Bell v. Texas Dept. of Crim. Justice—Institutional Div.*, 962 S.W.2d 156, 158 (Tex.App.—Houston [14th Dist.] 1998, pet. denied);

*Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939 (Tex.App.—Fort Worth 1997, pet. denied); *Hickson*, 926 S.W.2d at 399 (trial court does not err when dismissing a suit under chapter 14 where the inmate has filed no affidavit, or a defective one). Because appellant did not comply with the requirements of chapter 14, we hold the trial court did not abuse its discretion in dismissing his lawsuit. Appellant's third issue is overruled.

An order granting a dispositive motion that does not specify the grounds for dismissal will be affirmed if any of the theories advanced in the motion supports dismissal. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *Trigo v. Munoz*, 993 S.W.2d 419, 421 (Tex.App.—Corpus Christi 1999, pet. denied). Therefore, it is not necessary to address appellant's first issue. TEX.R.APP. P. 47.1.

The judgment of the trial court is affirmed.