NUMBER
13-01-485-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

MARK A. HUGHES,

TDCJ-ID
#494140,                                                             Appellant,

 

                                                   v.

 

GERALD GARRETT, VICTOR 

RODRIGUEZ & ALL OTHER

PRESENT AND FUTURE

MEMBERS,                                                                 Appellees.

 

        On appeal from the
258th District Court of Polk County, Texas.

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 








Appellant, Mark
A. Hughes, a state prison inmate, filed a pro se civil rights complaint
against appellees, Gerald Garrett, Victor Rodriguez, and all other present and
future members of the parole board, claiming that the pertinent statutes do not
provide the proper guidelines for the parole board to make their
decisions.  The trial court ordered
dismissal with prejudice because appellant failed to file a certified copy of
his inmate trust account statement as required by chapter 14 of the civil
practice and remedies code.  Tex. Civ. Prac. & Rem. Code Ann. '' 14.004(c),
14.006(f) (Vernon Supp. 2002).  Hughes
then filed a pro se appellant=s brief challenging
the trial court=s order.  We modify the judgment and affirm as
modified.

Standard of
Review

AThe trial court
has broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous
or malicious.@  Walker v. Gonzalez County Sheriff=s Dep=t, 35 S.W. 3d
157, 161 (Tex. App.BCorpus Christi 2000, pet. denied);  see Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon Supp. 2002). 
AThe dismissal
of a lawsuit brought by an inmate who has filed an affidavit or declaration of
inability to pay costs is reviewed under an abuse of discretion standard.@  Walker, 35 S.W. 3d at 161.  ATo establish
abuse of discretion, the complaining party must show that the trial court=s action was
arbitrary or unreasonable in light of all the circumstances in the case.@  Id. 
AStated
differently, abuse of discretion is determined by examining whether the trial
court acted without reference to any guiding rules and principles.@  Id.

Analysis








By his first
point of error, appellant contends the requirement that he file a copy of his
inmate trust account statement is a violation of his first amendment
rights.  The crux of appellant=s argument is
that he is impeded, as a non-lawyer, by the filing procedures that must be
followed in order to gain access to the court system.  We disagree. 
In Texas, chapter 14 of the civil practice and remedies code sets out
the special procedural rules governing inmate litigation (except for suits
brought under the family code) in which the inmate files an affidavit or
unsworn declaration of inability to pay costs. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 14.001 (Vernon
Supp. 2002);  see
Walker, 35 S.W. 3d at 160.  The
procedures set out in chapter 14 were enacted by the legislature Ato control the
flood of frivolous lawsuits being filed in Texas courts by prison inmates
because these suits consume valuable judicial resources with little offsetting
benefits.@  Walker, 35 S.W.3d at
160.  A[T]he
supplemental filing required by section 14.004 is designed to assist the court
in making the determinations that the legislature has called upon it to make;  thus it is an
essential part of the process by which courts review inmate litigation.@  Hickson v. Moya, 926 S.W.2d 397, 399 (Tex.
App.BWaco 1996, no
writ).  Appellant cites no authority
regarding the alleged unconstitutional nature of these particular
procedures.  Consequently, we cannot
consider this issue.  See Tex. R. App. P. 38.1(h) (AThe brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record.@).  Appellant=s first point of error is overruled.








By his fourth point of
error, appellant contends that the trial court erred by dismissing his
complaint as frivolous pursuant to section 14.003 of the civil practice and
remedies code.  Appellant argues that
section 14.003 does not state that a suit shall be dismissed as frivolous for
failure to attach a certified copy of the trust account statement.  However, section 14.003 is not the exclusive
means of dismissing an indigent inmate=s suit.  Section 14.003 addresses the reasons a court
may dismiss an inmate=s suit after actual
consideration of the claim.  Before
consideration can occur though, the appellant must satisfy certain
prerequisites set out in section 14.004. 
Section 14.004(c) states:  AThe affidavit or unsworn
declaration must be accompanied by the certified copy of the trust account
statement.@  Tex. Civ. Prac.
& Rem. Code Ann. ' 14.004(c)
(Vernon Supp. 2002).  The word Amust@ alerts inmates
to the mandatory nature of the requirement to include a certified copy of the
trust account statement with their claim. 
Failure to comply with section 14.004(c) subjects the claim to
dismissal.  Williams v. Brown, 33
S.W.3d 410, 412 (Tex. App.BHouston [1st
Dist.] 2000, no pet.).  Appellant=s fourth point
of error is overruled.

By his third
point of error, appellant contends that the trial court violated its mandate to
promulgate rules that avoid unnecessary expense to the litigant and to the
State in the trial of cases.  In support
of this contention, appellant argues that the court should have exercised
common sense and looked to the intent of the legislature in enacting the
applicable statutes.  As we have already
noted, the legislature clearly intended for indigent inmates to strictly follow
the statutory filing procedures in order to Acontrol the flood of frivolous lawsuits.@  Walker, 35 S.W.3d at
160.  Furthermore, the cases
appellant offers in support of his propositions are neither directly on point
nor persuasive.  Appellant=s third point
of error is overruled.








Finally, in his
second point of error, appellant contends the trial court improperly dismissed
his suit with prejudice.  We agree.  Dismissal with prejudice is the equivalent of
a final determination on the merits, as if the case had been fully tried and
decided.  Mossler v. Shields, 818
S.W.2d 752, 754 (Tex. 1991) (per curiam);  Hickman v. Adams, 35 S.W.3d
120, 124 (Tex. App.BCorpus Christi
2000, no pet.).  Thus, an order of
dismissal with prejudice bars subsequent relitigation of the same causes of
action or issues between the same parties. 
Hickman, 35 S.W.3d at 124.  Dismissal with prejudice is only proper in a
limited number of circumstances, and appellant=s claim does not fall under any of the
categories that are appropriate for dismissal with prejudice.  Lentworth v. Trahan, 981 S.W.2d 720,
722-23 (Tex. App.BHouston [1st
Dist.] 1998, no pet.); see University of Tex. Med. Branch v. Hohman, 6
S.W.3d 767, 771 (Tex. App.BHouston [1st
Dist.] 1999, pet. dism=d w.o.j.) (dismissal with prejudice on sovereign immunity grounds).  Failure to comply with the conditions set out
in section 14.004 does not warrant dismissal with prejudice.  Williams, 33 S.W.3d at 412;  see Thomas v. Knight, 52 S.W.3d
292, 294-96 (Tex. App.BCorpus Christi
2001, pet. denied) (holding that dismissal for inmate=s failure to
comply with section 14.004(a) is not on the merits; dismissal with prejudice is
improper).  Appellant=s second point
of error is sustained.

Conclusion

In sum, because
appellant did not comply with the requirements of 14.004, we hold that the
trial court did not abuse its discretion in dismissing his lawsuit.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004 (Vernon
Supp. 2002);  Walker,
35 S.W.3d at 162;  Williams, 33
S.W.3d at 412.  However, we must reform
the trial court order to provide that the claim is dismissed without
prejudice.  Williams, 33 S.W.3d at 412.  As
modified, we affirm the judgment.

                                                              
                                                       

LINDA REYNA
YAÑEZ

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

Opinion delivered and filed this the

31st day of
October, 2002.