Affirmed and Memorandum Opinion filed February 5, 2004









Affirmed and Memorandum Opinion filed February 5,
2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00878-CV

____________

 

JAMSHID NOSHARI, Appellant

 

V.

 

SOUTHWEST SERVICE CENTER, LTD., Appellee

 



 

On Appeal from the County
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 757,748

 



 

M E M O R A N D U M  
O P I N I O N

Appellee sued appellant for recovery of
rent and appellant filed a counterclaim for damages incurred when the leased
premises had flooded.  As a sanction for
discovery abuse, the trial court struck appellant=s pleadings and counterclaim
with prejudice.  The trial court entered
judgment in favor of appellee in the sum of
$17,092.68 in damages and $9,000.00 in attorney=s fees.  In four issues, appellant contends (1) he was
not provided proper notice of the hearing on the motion for sanctions, (2) he
was not provided proper notice of the evidentiary hearing on damages, (3) the
trial court erred in imposing death penalty sanctions without considering
lesser sanctions, and (4) the trial court erred in dismissing his counterclaim
with prejudice as a sanction.  We affirm.








FACTUAL AND PROCEDURAL BACKGROUND

Appellant leased commercial office and warehouse space from appellee.  The lease
terminated on September 30, 2000.  The
lease provided that holdover rent beyond that date would be double the normal
rent.  Appellant failed to vacate the
space on the termination date. 

On August 22, 2001, appellee sued
appellant for the unpaid holdover rent. 
Appellant attached interrogatories and requests for disclosure and
production to its petition.  Appellant=s responses were due by October
1, 2001.

Appellant answered and filed a counterclaim for damages to
his inventory that resulted from flooding of the space in the summer of 1998. 

Appellant failed to answer the outstanding discovery by
October 1, 2001.  On January 22, 2002, appellee filed a motion to compel and for sanctions.  On January 29, 2002, the trial court ordered
appellant to pay $500.00 in attorney=s fees and answer the
outstanding discovery by February 12, 2002. 

Appellant failed to answer the outstanding discovery by
February 12, 2002.  On April 12, 2002, appellee filed a motion to strike appellant=s pleadings and
counterclaim.  On April 17, 2002, the
trial court granted the motion, ordering that appellee
recover its damages from appellant and dismissing appellant=s counterclaim with prejudice.

On May 16, 2002, the trial court conducted a hearing on appellee=s damages.  On May 22, 2002, the trial court entered a
final judgment for appellee in the amount of
$17,092.68 in damages and $9,000.00 in attorney=s fees.

On June 21, 2002, appellant filed a motion for new
trial.  On August 5, 2002, appellant
filed an amended motion for new trial. 
On August 20, 2002, appellant filed his notice of appeal.

 

 








ANALYSIS

I.        Notice of the
hearings.

In his first and second issues, appellant contends the trial
court erred (1) in granting sanctions because he was not provided proper notice
of the hearing on the motion for sanctions and (2) in granting a judgment on
evidence offered at the trial because he was not provided proper notice of the
trial.  Because both notices were sent by
facsimile, appellant was entitled to six days= notice, which he was not
provided.  See Tex. R. Civ. P. 21, 21a.  Appellant did not raise these issues until
his amended motion for new trial, filed seventy-five days after the final
judgment.

A complaint of inadequate notice under rules 21 or 21a of
the Texas Rules of Civil Procedure is waived unless preserved by a timely
complaint.  Walker v. Gonzales County
Sheriff=s Dept., 35 S.W.3d 157, 159 (Tex. App.CCorpus Christi 2000, pet.
denied); see also Tex. R. App. P.
33.1.  This complaint may be raised in a
motion for new trial.  Walker, 35
S.W.3d at 159.  If a motion for new trial
is filed more than thirty days after the trial court signs a final judgment,
however, it is untimely and cannot form the basis of an appellate
complaint.  Moritz v. Preiss, 121 S.W.3d 715, 720B21 (Tex. 2003).

Because appellant did not file his amended motion for new
trial until seventy-five days after the final judgment, we cannot consider
it.  Appellant has therefore failed to
preserve his first two issues for appeal. 
Appellant=s first and second issues are
overruled.

II.       Death penalty
sanctions.

In his third and fourth issues, appellant contends the trial
court erred in imposing death penalty sanctions without considering the
imposition of lesser sanctions and in dismissing his counterclaim with
prejudice as a sanction.








We review a trial court=s decision imposing sanctions
for discovery abuse for an abuse of discretion. 
Bodnow Corp. v. City of Hondo,
721 S.W.2d 839, 840 (Tex. 1986).  In
order for an imposition of sanctions to be just, a direct relationship must
exist between the discovery abuse and the sanction imposed, and the sanction
must not be excessive.  TransAmerican Natural Gas Corp. v. Powell,
811 S.W.2d 913, 917 (Tex. 1991).  In
order to satisfy the second prong of the test, the trial court must consider
whether lesser sanctions would be sufficient. 
Id.

Lesser sanctions can include monetary penalties, attorney=s fees, contempt, or other
punishment.  See Andras
v. Mem. Hosp. Sys., 888 S.W.2d 567, 572 (Tex.
App.CHouston [1st Dist.] 1994, writ
denied).  An order compelling discovery
is not an attempt at a lesser sanction unless coupled with language that future
compliance can result in dismissal.  See
GTE Mobilnet of S. Tex. Ltd. P=ship v. Telcell
Cellular, Inc.,
955 S.W.2d 286, 298 (Tex. App.CHouston [1st Dist.] 1997, writ
denied); Andras, 888 S.W.2d at 572. 

When it entered its order compelling discovery, the trial
court did not state that future compliance could result in dismissal.  The trial court did, however, order appellant
to pay attorney=s fees to appellee
in the order, a lesser sanction.  See
Andras, 888 S.W.2d at 572.  Despite this sanction and despite the order
compelling him to respond, appellant still did not respond to the
discovery.  He also did not respond to
the motion to compel or the motion to strike his pleadings.[1]  The trial court=s determination that further
lesser sanctions would be insufficient fell within its discretionary authority,
and thus we cannot say that it abused its discretion even if we would have
decided the matter differently.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.
1985).  Appellant=s third issue is overruled.








When a party fails to comply with a proper discovery
request, the sanction can include Aan order . . . dismissing with
or without prejudice the action or proceedings or any part thereof . . . .@  Tex.
R. Civ. P. 215.2(b)(5).  A
sanction that prevents trial on the merits cannot be justified absent bad faith
or callous disregard for the rules of discovery.  Chrysler Corp. v. Blackmon, 841 S.W.2d
844, 849 (Tex. 1992).  A death penalty
sanction cannot be imposed unless the trial court finds the discovery abuse
justifies a presumption that the party=s claim lacks merit.  TransAmerican,
811 S.W.2d at 918.  The trial court may
presume that an asserted claim lacks merit when a party refuses to produce
material evidence in spite of lesser sanctions. 
Id. 

Appellant failed to answer appellee=s request for disclosure, set
of requests for production, and set of interrogatories.  The record does not indicate what evidence appellee=s requests sought.  Absent a record of the evidence sought, we
can not determine that the trial court abused its discretion in determining
that the evidence was material, especially in light of the broad range of
discovery appellant failed to respond to. 
But beyond this, as we noted earlier, appellant also responded neither
to the motion to compel nor to the motion for sanctions, which asked the trial
court to strike appellant=s pleadings.  At this point, it was not unreasonable for
the trial court to presume appellant=s claim lacked merit.  See id.

The facts of this case are distinguishable from those in Hamill v. Level, 917 S.W.2d 15 (Tex.
1996).  In the Hamill
case, lesser sanctions were never imposed. 
See id. at 16.  The
Texas Supreme Court emphasized the continued validity of its prior conclusion
that, Aas a general rule, lesser
sanctions must be tested before death penalty sanctions may be imposed.@  Id. at 17 n.1.  The Supreme Court therefore held that the
imposition of a death penalty sanction was premature.  Id. at 16.  The party in Hamill
also served his answers to the discovery request just before the hearing to
dismiss.  Id.  In this case, a lesser sanction had been
imposed without any response from appellant, and two motions for sanctions had
been filedCone asking that appellant=s pleadings be strickenCwithout any response from
appellant.  On these facts we cannot say
the imposition of a death penalty sanction was premature.  See TransAmerican,
811 S.W.2d at 918.  Appellant=s fourth issue is overruled. 

The judgment of the trial court is affirmed.

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed February 5, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.











[1]  Appellee states in its brief that appellant failed to
appear at the hearing on the motion to compel, but does not state whether
appellant failed to appear at the at the hearing on the motion to strike his
pleadings.  The record does not
conclusively indicate whether appellant appeared at either hearing.