IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00143-CV

 

Daniel Marcuccilli,

                                                                      Appellant

 v.

 

Texas Board of Pardons and
Paroles

and TDCJ, Parole Division, [1]

                                                                      Appellees

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court # 26,505-A

 



MEMORANDUM 
Opinion



 

        This appeal concerns the dismissal of a petition
for writ of mandamus in the district court for want of jurisdiction.  We will affirm.

1.    Dismissal for Want of Jurisdiction.  In his first issue, Appellant contends that
the trial court erred in granting the Texas Board of Pardons and Paroles’
motion to dismiss Appellant’s petition for writ of mandamus for want of
jurisdiction.  The Board’s motion
contended that Appellant’s petition constituted an attack on Appellant’s final
felony conviction and that only the Court of Criminal Appeals had jurisdiction
to grant Appellant relief by way of the writ of habeas corpus.  See
Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2004). 
Appellant contends on appeal that he seeks only to compel compliance with
statutes governing parole revocation, and does not allege a constitutional
deprivation, to which habeas corpus is limited. 
Appellant’s writ prayed, on constitutional and statutory grounds, for
Appellant’s release from confinement and other relief contingent upon his
release.  Only the Court of Criminal
Appeals has jurisdiction to grant Appellant’s release, by habeas corpus.  See id.
§ 5; Bd. of Pardons & Paroles ex
rel. Keene v. Eighth Court of Appeals, 910 S.W.2d 481, 483 (Tex. Crim. App.
1995) (orig. proceeding); see also Ex
parte Geiken, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000).  We overrule Appellant’s first issue.

2.    Opportunity to
Amend.  In Appellant’s second issue, he contends that
the trial court erred in not allowing him to amend his petition before
dismissing it.  Appellant preserved this
complaint in his motion for new trial. 
There, he contended that he should be allowed to amend his petition to
delete his prayer that his sentence be allowed to discharge after his
release.  This amendment would not cure
the jurisdictional defect in Appellant’s petition, which is that he prays that
he be released from confinement.  See Tex. Dep’t
of Transp. v. Ramirez, 74
S.W.3d 864, 867 (Tex. 2002). 
We overrule Appellant’s second issue.

3.    Notice. 
Appellant contends that the trial court erred in not giving him three
days’ notice of the hearing on the Board’s motion.  See
Tex. R. Civ. P. 21.  Appellant does not suggest that he presented
this complaint to the trial court, and does not present a reporter’s record of
the hearing.  By failing to present his
complaint in the trial court, he waived it. 
See Tex. R. App. 33.1(a); Walker
v. Gonzales County Sheriff’s Dep’t, 35 S.W.3d 157, 160 (Tex. App.—Corpus
Christi 2000, pet. denied).  We overrule
Appellant’s third issue.

      Having
overruled Appellant’s issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Opinion
delivered and filed August 11, 2004

Affirmed

[CV06]











[1]  Although named in Appellant’s suit, the
Department of Criminal Justice did not answer, did not join the Board of
Pardons and Paroles’ motion to dismiss, and has not filed a brief.