Opinion issued December 8, 2011

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court
of Appeals

For The

First District of Texas

————————————

NO. 01-09-00031-CV

———————————

In RE JEFFREY YATES, Appellant



 



 

On
Appeal from the 113th District Court 

Harris
County, Texas



Trial
Court Cause No. 2008-44159

 



 

MEMORANDUM OPINION

          A jury acquitted appellant Jeffrey
Yates of the offense of “Disorderly Conduct–Peeping.”  See Tex. Penal Code Ann. §
42.01 (Vernon Supp. 2011).  Yates
filed a “Petition for Expunction,” in which he asked the trial court to “order
the expunction of all records and files arising out of the charge” that may be
on file with certain agencies.[1]  The trial court dismissed the suit, and Yates
appealed.  We affirm the trial court’s judgment, as modified.

Background

On April 10, 2001, Yates, an inmate
confined at the Texas Department of Criminal Justice, was acquitted of the
offense of disorderly conduct.  On July
7, 2008, Yates filed a pro se petition, seeking to expunge the matter from the
records of certain named entities.[2]  In his petition, Yates asserted that he was
unable to pay the trial court costs, as follows: 

Pursuant to the [Texas Rules of Civil
Procedure] and Title 6, Chap. 132 of the [Civil Practice and Remedies Code], I
declare that I am unable to pay any costs in this matter; I have no control or
ownership of any assets, property, or cash; have been incarcerated since June
19, 2002; and have no attorney assistance.

 

On October 6, 2008, the trial court
issued an order stating that Yates’s “Motion for [l]eave to proceed in forma
pauperis” was denied.  Two weeks later,
on October 20, 2008, Yates filed a second motion to proceed in forma pauperis
and an affidavit of indigence, on which the trial court did not rule.  On December 18, 2008, the trial court
dismissed the suit, without stating specific grounds.

 

 

Standard of Review

We review the trial court’s
dismissal of an in forma pauperis suit under an abuse of discretion
standard.  Scott v. Gallagher, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  A trial court
abuses its discretion if it acts arbitrarily, capriciously, and without
reference to any guiding rules or principles.  Jackson
v. Tex. Bd. of Pardons & Paroles, 178 S.W.3d 272, 275 (Tex. App.—Houston
[1st Dist.] 2005, no pet.).  

The trial courts are given broad
discretion to determine whether a suit brought by an inmate should be dismissed
because (1) prisoners have a strong incentive to litigate; (2) the government
bears the cost of an in forma pauperis suit; (3) sanctions are not effective;
and (4) the dismissal of unmeritorious claims accrues to the benefit of state
officials, courts, and meritorious claimants. See Williams v. Tex. Dep’t of Criminal Justice, 176 S.W.3d 590, 593
(Tex. App.—Tyler 2005, pet. denied).  When
a trial court does not state the basis for its dismissal, we will affirm the
dismissal if it is proper under any legal theory.  Walker
v. Gonzales Cnty. Sheriff’s Dep’t, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi
2000, pet. denied).  

Legal Principles

A party who is unable to afford
trial court costs may file an affidavit of indigence that conforms with the
requirements of Rule 145 of the Texas Rules of Civil Procedure.  Tex. R.
Civ. P. 145(a), (b).  An inmate
who brings a suit in which he has filed an affidavit of indigence or an unsworn
declaration of inability to pay costs must also comply with the procedural
requirements set forth in Texas Civil Practice and Remedies Code Chapter
14.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon Supp. 2011); Scott, 209 S.W.3d at 265.  

Civil Practice and Remedies Code sections
14.004 and 14.006 require that an inmate file in the trial court, along with
his affidavit of indigence or unsworn declaration of inability to pay costs, a
certified copy of his inmate trust account statement.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.004(c) (Vernon Supp. 2011),
14.006(f) (Vernon 2002).   Section 14.006(f)
requires that the inmate file a statement that “reflect[s] the balance of the
account at the time the claim is filed and activity in the account during the
six months preceding the date on which the claim is filed.”  Tex.
Civ. Prac. & Rem. Code Ann. § 14.006(f).   

“A prisoner at a Texas Department
of Criminal Justice [facility] who has no money or property is considered
indigent.”  McClain v. Terry, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no
pet.) (citing Allred v. Lowry, 597 S.W.2d
353, 355 (Tex. 1980)).  However, “[a]n
inmate who has funds in his trust account is not indigent.”  Id. (citing
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.006(b)(1)).  An inmate’s trust
funds may be utilized for payment of costs. Id.

Failure to fulfill the Chapter 14
procedural requirements may result in the dismissal of the inmate’s suit before
or after service of process.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(1), 14.006(h) (Vernon
2002); Scott, 209 S.W.3d at 265 (“A
trial court may dismiss an inmate’s lawsuit for failing to comply with the
procedural requirements of Chapter 14.”); Bell
v. Texas Dep’t of Criminal Justice, 962 S.W.2d 156, 158 (Tex. App.—Houston
[14th Dist.] 1998, pet. denied)).  

Dismissal

The record before us does not
reflect that Yates filed a certified copy of his inmate trust account statement
with his declaration of inability to pay costs in the trial court, as required.
 See
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.004(c), 14.006(f).  The requirement
to file a statement of the inmate trust account is mandatory, and Yates’s
failure to file the statement is sufficient grounds for the trial court’s
dismissal of his suit. See id.
§ 14.003(a); Williams v. Brown,
33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.); see also Jedkins v. Varghese, No.
14-08-00895-CV, 2009 WL 5149877, at *2 (Tex. App.—Houston [14th Dist.] Dec. 31,
2009, no pet.) (mem.op., not designated for publication) (“Chapter 14 does not
provide an inmate with the right to file a suit without the trust account
statement, no matter the reason that the inmate has not provided it.”).

Yates complains that the trial
court did not rule on his second affidavit of indigence, which he filed October
20, 2008.  The record reflects, however,
that the trial court had just days before, on October 6, 2008, ruled on Yates’s
first declaration of indigence.  See
Tex. Civ. Prac. & Rem.Code Ann. § 14.004(c) (allowing unsworn
declaration of inability to pay costs).  In his brief on appeal, appellant acknowledges
that his first “request to proceed without costs contained in [the] Petition
was recognized by the trial court.” 
Moreover, the record reflects that Yates also failed to attach a copy of
his inmate trust account to his second affidavit of indigence.  After the trial court’s dismissal, appellant
filed a statement of his inmate trust account in conjunction with his affidavit
of indigence for costs on appeal.   

In addition, appellant complains
that the trial court failed to notify him of a deficiency in his declaration of
inability to pay costs prior to dismissing his suit.  Because a trial court may dismiss a suit that
fails to comply with Chapter 14 either before or after service of process and
without a hearing, a trial court has no duty to suggest or recommend that an appellant
amend his pleading.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(c); Hickman
v. Adams, 35 S.W.3d 120, 125 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).

Because the trial court did not
specify the grounds for dismissal, we will affirm the decision if any theory is
meritorious. See Walker, 35 S.W.3d at 162.  Because
Yates failed to file a certified copy of his inmate trust account statement
with his declaration of inability to pay costs in the trial court, as required,
we hold that the trial court did not abuse its discretion by dismissing Yates’s
suit.  See Tex. Civ. Prac. &
Rem.Code Ann. § 14.004(c), 14.006(f); Brown, 33 S.W.3d at 412.

Accordingly, we overrule
appellant’s issue.

The dismissal order does not,
however, state whether the dismissal is with or without prejudice.  “Dismissal with prejudice constitutes
adjudication on the merits and operates as if the case had been fully tried and
decided.”  Brown, 33 S.W.3d at 412 (quoting Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st
Dist.] 1998, no pet.)).  In the present
case, dismissal without prejudice is proper. 
We modify the judgment to reflect that the cause is dismissed “without
prejudice.” 

Conclusion

As modified, the judgment is
affirmed.  We dismiss pending motions as moot.

PER CURIAM

Panel
consists of Justices Jennings, Sharp, and Brown.

 











[1]
             Appellant
named the Texas Department of Public Safety; the Harris County District Clerk;
the Harris County Pct. 4 Constable; the Texas Department of Criminal Justice;
the Federal Bureau of Investigations; the Harris County Sheriff’s Office; the
Clerk of the Court; Texas Board of Pardons and Paroles; and the Texas
Department of Criminal Justice. 

 





[2]              Id.