TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00497-CV






Charles Franklin, Appellant


v.


Richard Aiello, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT

NO. D-1-GN-10-000650, HONORABLE LORA LIVINGSTON, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Appellant Charles Franklin, an inmate appearing pro se and in forma pauperis,
appeals an order dismissing his suit against Richard Aiello, an employee of the Texas Board
of Pardons and Paroles. Because we conclude that the trial court did not abuse its discretion in
dismissing Franklin's suit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code,
we will affirm.


BACKGROUND

 Franklin is an inmate housed in the Texas Department of Criminal Justice's (TDCJ)
Hughes unit in Gatesville, Texas. On October 28, 2009, the Texas Board of Pardons and Paroles sent
a letter to Franklin notifying him that the Board had decided to deny his request for special review
of his parole denial. See 37 Tex. Admin. Code § 145.17 (West 2011) (Tex. Bd. of Pardons & Paroles,
Action upon Special Review-Release Denied). On February 15, 2010, Franklin filed suit in district
court against Aiello, an analyst for the Board. In his pleading, entitled "Criminal Complaint,"
Franklin alleges that Aiello signed his name to a government document, i.e. the October 28 letter,
without the authority of the Board and that this conduct constitutes forgery and official misconduct
under the Texas Penal Code. Franklin requests that the court (1) charge Aiello with forgery under
the penal code, (2) award Franklin mental anguish damages in the amount of $36,000, plus costs and
attorney's fees, and (3) issue an injunction "ordering [Aiello] to stop violating title 37 of the Texas
Administrative Code and to refrain from further falsifying statements on government documents."

 Aiello filed a motion to dismiss under chapter 14 of the civil practice and remedies
code, which provides that a suit filed by an inmate may be dismissed if the court finds that the
claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002).
Aiello moved to dismiss on the grounds that Franklin's claims have no basis in law or fact and that
Franklin failed to comply with chapter 14's procedural requirements. Following a hearing at which
Franklin appeared by telephone, the trial court granted the motion and signed a final judgment
dismissing Franklin's claims. The court did not list the grounds for dismissal other than to state in
the final judgment that the claims against Aeillo "are dismissed as frivolous." Franklin subsequently
perfected this appeal.


DISCUSSION

 The legislature enacted chapter 14 of the Texas Civil Practice and Remedies Code
to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these
suits consume many valuable judicial resources with little offsetting benefits. Thomas v. Knight,
52 S.W.3d 292, 294 (Tex. App.--Corpus Christi 2001, pet. denied). Chapter 14 applies special
procedural rules to inmates who have filed declarations of inability to pay costs in civil causes.
See Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (West Supp. 2011). For instance, section 14.004
requires the inmate to file a separate affidavit or declaration identifying any previous suits, other than
suits under the family code, in which the person has appeared as a pro se plaintiff. Id. § 14.004
(West Supp. 2011). However, even when the inmate's suit complies with all procedural filing
requirements, section 14.003 authorizes a trial court to dismiss an inmate's claim, filed in forma
pauperis, if the court determines that the claim is frivolous or malicious. Id. § 14.003(a)(2). Factors
in determining whether a claim is frivolous or malicious include whether:


 (1) the claim's realistic chance of ultimate success is slight;

 

 (2) the claim has no arguable merit in law or in fact;


 (3) it is clear that the party cannot prove facts in support of the claim; or


 (4) the claim is substantially similar to a previous claim filed by the inmate because
the claim arises from the same operative facts.



See id. § 14.003(b).

 Liberally construing the arguments in Franklin's brief, his sole contention on appeal is
that the trial court erred by dismissing his claims as frivolous. See Tex. R. App. P. 38.9. We review
a dismissal pursuant to chapter 14 under an abuse-of-discretion standard. Hamilton v. Pechacek,
319 S.W.3d 801, 809 (Tex. App.--Fort Worth 2010, no pet.); Moore v. Zeller, 153 S.W.3d 262, 263
(Tex. App.--Beaumont 2004, no pet.). (1) A trial court abuses its discretion if it acts unreasonably or
without reference to any guiding rules or principles. Leachman v. Dretke, 261 S.W.3d 297, 303
(Tex. App.--Fort Worth 2008, no pet.).

 When, as in this case, the district court does not specify the grounds on which it
dismisses the inmate's claim, we must affirm the dismissal if it was proper under any legal theory
advanced in the motion to dismiss. See Hamilton, 319 S.W.3d at 809; Walker v. Gonzales Cnty.
Sheriff's Dep't, 35 S.W.3d 157, 162 (Tex. App.--Corpus Christi 2000, pet. denied). Accordingly,
we will consider first whether the trial court could have properly determined that there is no arguable
basis in law for Franklin's claims. While the dismissal of inmate litigation under chapter 14 is
generally reviewed for an abuse of discretion, whether there is an arguable basis in law for an
inmate's claims is a question of law that we review de novo. Hamilton, 319 S.W.3d at 809. In
conducting our review, we take as true the allegations of the inmate's petition and review the types
of relief and causes of action set out therein. Id. at 801. In other words, we review the inmate's
petition to determine whether, as a matter of law, it states a cause of action that would authorize
relief. Id. A claim has no arguable basis in law if it is an "indisputably meritless legal theory." Id. In his petition, Franklin alleges that Aiello committed the criminal offenses of
official misconduct and forgery. See Tex. Penal Code Ann. §§ 32.21, 39.02 (West 2011). Further,
Franklin requests that "the accused [Aiello] be charged with the foregoing offenses named in the
criminal complaint." However, the penal code does not create a private right of action. Hamilton,
319 S.W.3d at 813. Therefore, although the penal code provides that public servants are subject to
criminal liability when they violate a law relating to their office or employment, Franklin lacks
standing to bring a criminal action against Aeillo. See Tex. Penal Code Ann. § 39.02. Instead, the
authority to pursue criminal violations is vested with the district attorney and the attorney general.
See Tex. Code Crim. Proc. Ann. arts. 2.01-.021 (West 2005). To obtain relief, Franklin must file
criminal charges against Aiello with the appropriate district attorney's office. See Hamilton, 319
S.W.3d at 813 (holding that inmate's claims for violations of the penal code lacked arguable bases
in law); Retzlaff v. Texas Dep't of Crim. Justice, 135 S.W.3d 731, 744-45 (Tex. App.--Houston
[1st Dist.] 2003, no pet.) (holding that inmate lacked standing to bring criminal action against
TDCJ for criminal theft). Because Franklin has no standing to sue Aiello for forgery and official
misconduct, his claims against Aiello have no arguable basis in law. Consequently, the trial court
did not abuse its discretion in dismissing the claims as frivolous. We overrule Franklin's sole issue
on appeal.


CONCLUSION

 Because we have determined that the trial court did not abuse its discretion in
granting Aiello's motion to dismiss under chapter 14 of the civil practice and remedies code, we
affirm the trial court's final judgment dismissing Franklin's suit.


 __________________________________________

 Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

Affirm

Filed: September 26. 2012
1. A trial court has broad discretion to dismiss an inmate's suit as frivolous because:
(1) prisoners have a strong incentive to litigate; (2) the government bears the costs of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues
to the benefit of state officials, courts, and meritorious claimants. Retzlaff v. Texas Dep't of Crim.
Justice, 94 S.W.3d 650, 654 (Tex. App.--Houston [14th Dist.] 2002, pet. denied).