# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00497-CV

**Charles Franklin, Appellant**

**v.**

**Richard Aiello, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-10-000650, HONORABLE LORA LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Charles Franklin, an inmate appearing pro se and in forma pauperis, appeals an order dismissing his suit against Richard Aiello, an employee of the Texas Board of Pardons and Paroles.  Because we conclude that the trial court did not abuse its discretion in dismissing Franklin's suit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, we will affirm.

## BACKGROUND

Franklin is an inmate housed in the Texas Department of Criminal Justice's (TDCJ) Hughes unit in Gatesville, Texas.  On October 28, 2009, the Texas Board of Pardons and Paroles sent a letter to Franklin notifying him that the Board had decided to deny his request for special review of his parole denial.  *See* 37 Tex. Admin. Code § 145.17 (West 2011) (Tex. Bd. of Pardons & Paroles, Action upon Special Review–Release Denied).  On February 15, 2010, Franklin filed suit in district

court against Aiello, an analyst for the Board. In his pleading, entitled "Criminal Complaint," Franklin alleges that Aiello signed his name to a government document, i.e. the October 28 letter, without the authority of the Board and that this conduct constitutes forgery and official misconduct under the Texas Penal Code. Franklin requests that the court (1) charge Aiello with forgery under the penal code, (2) award Franklin mental anguish damages in the amount of $36,000, plus costs and attorney's fees, and (3) issue an injunction "ordering [Aiello] to stop violating title 37 of the Texas Administrative Code and to refrain from further falsifying statements on government documents."

Aiello filed a motion to dismiss under chapter 14 of the civil practice and remedies code, which provides that a suit filed by an inmate may be dismissed if the court finds that the claim is frivolous or malicious. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002). Aiello moved to dismiss on the grounds that Franklin's claims have no basis in law or fact and that Franklin failed to comply with chapter 14's procedural requirements. Following a hearing at which Franklin appeared by telephone, the trial court granted the motion and signed a final judgment dismissing Franklin's claims. The court did not list the grounds for dismissal other than to state in the final judgment that the claims against Aeillo "are dismissed as frivolous." Franklin subsequently perfected this appeal.

## DISCUSSION

The legislature enacted chapter 14 of the Texas Civil Practice and Remedies Code to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources with little offsetting benefits. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). Chapter 14 applies special

2

procedural rules to inmates who have filed declarations of inability to pay costs in civil causes. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (West Supp. 2011). For instance, section 14.004 requires the inmate to file a separate affidavit or declaration identifying any previous suits, other than suits under the family code, in which the person has appeared as a pro se plaintiff. *Id*. § 14.004 (West Supp. 2011). However, even when the inmate's suit complies with all procedural filing requirements, section 14.003 authorizes a trial court to dismiss an inmate's claim, filed in forma pauperis, if the court determines that the claim is frivolous or malicious. *Id*. § 14.003(a)(2). Factors in determining whether a claim is frivolous or malicious include whether:

> (1) the claim's realistic chance of ultimate success is slight;
>
> (2) the claim has no arguable merit in law or in fact;
>
> (3) it is clear that the party cannot prove facts in support of the claim; or
>
> (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*See id*. § 14.003(b).

Liberally construing the arguments in Franklin's brief, his sole contention on appeal is that the trial court erred by dismissing his claims as frivolous. *See* Tex. R. App. P. 38.9. We review a dismissal pursuant to chapter 14 under an abuse-of-discretion standard. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.); *Moore v. Zeller*, 153 S.W.3d 262, 263 (Tex. App.—Beaumont 2004, no pet.).[1] A trial court abuses its discretion if it acts unreasonably or

---

[1] A trial court has broad discretion to dismiss an inmate's suit as frivolous because: (1) prisoners have a strong incentive to litigate; (2) the government bears the costs of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues

without reference to any guiding rules or principles. *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.).

When, as in this case, the district court does not specify the grounds on which it dismisses the inmate's claim, we must affirm the dismissal if it was proper under any legal theory advanced in the motion to dismiss. *See Hamilton*, 319 S.W.3d at 809; *Walker v. Gonzales Cnty. Sheriff's Dep't*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi 2000, pet. denied). Accordingly, we will consider first whether the trial court could have properly determined that there is no arguable basis in law for Franklin's claims. While the dismissal of inmate litigation under chapter 14 is generally reviewed for an abuse of discretion, whether there is an arguable basis in law for an inmate's claims is a question of law that we review de novo. *Hamilton*, 319 S.W.3d at 809. In conducting our review, we take as true the allegations of the inmate's petition and review the types of relief and causes of action set out therein. *Id.* at 801. In other words, we review the inmate's petition to determine whether, as a matter of law, it states a cause of action that would authorize relief. *Id.* A claim has no arguable basis in law if it is an "indisputably meritless legal theory." *Id.*

In his petition, Franklin alleges that Aiello committed the criminal offenses of official misconduct and forgery. *See* Tex. Penal Code Ann. §§ 32.21, 39.02 (West 2011). Further, Franklin requests that "the accused [Aiello] be charged with the foregoing offenses named in the criminal complaint." However, the penal code does not create a private right of action. *Hamilton*, 319 S.W.3d at 813. Therefore, although the penal code provides that public servants are subject to criminal liability when they violate a law relating to their office or employment, Franklin lacks

---

to the benefit of state officials, courts, and meritorious claimants. *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

standing to bring a criminal action against Aeillo. *See* Tex. Penal Code Ann. § 39.02. Instead, the authority to pursue criminal violations is vested with the district attorney and the attorney general. *See* Tex. Code Crim. Proc. Ann. arts. 2.01-.021 (West 2005). To obtain relief, Franklin must file criminal charges against Aiello with the appropriate district attorney's office. *See Hamilton*, 319 S.W.3d at 813 (holding that inmate's claims for violations of the penal code lacked arguable bases in law); *Retzlaff v. Texas Dep't of Crim. Justice*, 135 S.W.3d 731, 744-45 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that inmate lacked standing to bring criminal action against TDCJ for criminal theft). Because Franklin has no standing to sue Aiello for forgery and official misconduct, his claims against Aiello have no arguable basis in law. Consequently, the trial court did not abuse its discretion in dismissing the claims as frivolous. We overrule Franklin's sole issue on appeal.

## CONCLUSION

Because we have determined that the trial court did not abuse its discretion in granting Aiello's motion to dismiss under chapter 14 of the civil practice and remedies code, we affirm the trial court's final judgment dismissing Franklin's suit.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson and Goodwin

Affirm

Filed:   September 26. 2012

5