

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00130-CV

EMMIT BRAGER                                                      APPELLANT

V.

LISA JAMES, JAMES ANDERS,                                         APPELLEES
TERRY L. SMITH, MARY ALFORD,
CHARLES J. VONDRA, AND ERIC
JOHNSTON

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Emmit Brager appeals from the trial court's dismissal of his claims against Appellees Lisa James, James Anders, Terry L. Smith, Mary Alford, Charles J. Vondra, and Eric Johnston. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Brager is a current inmate housed in the Texas Department of Criminal Justice, Institutional Division. On September 17, 2012, Brager filed a state-court petition against James, Anders, "John Doe" of the Inmate Trust Fund Department, Smith, and Vondra. Brager alleged that, on May 10, 2012, "John Doe" withdrew $1,151.59 from his inmate-trust account based on James's authorization and Anders's approval. Apparently, the funds at issue were forfeited after an internal investigation revealed that Brager had received the money by fraudulently claiming entitlement to a class-action settlement. Brager argued the forfeiture of the money violated his due-process rights and that the disciplinary case brought by James after the investigation, which Anders (James's supervisor) approved, constituted unlawful retaliation. Finally, Brager alleged that Smith confiscated his radio without due process on April 26, 2012, which was approved by Vondra, Smith's supervisor.

Along with his petition, Brager filed a motion to proceed in forma pauperis accompanied by an affidavit relating to his previous filings, a certified copy of his trust-account statement, and an affidavit regarding his exhaustion of the grievance system. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (West Supp. 2013), § 14.005 (West 2002). In his previous-filings affidavit, Brager listed ten state-court actions he had filed. Brager stated that regarding many of these actions, he could "not recall" what claims he had raised or why the case was dismissed. For one of the ten actions, Brager averred that he did "not recall" the case "at all" and that he "may not have filed this case at all."

2

Alford, believing that she was the "John Doe" in Brager's petition, filed an answer. Brager responded, however, that Alford was not his intended defendant. Later, Johnston was served and answered as the intended "John Doe." Anders, James, Smith, Vondra, Alford, and Johnston filed motions to dismiss Brager's claims under chapter 14 of the civil practice and remedies code. The motions were similar and argued that Brager's claims should be dismissed because (1) he had failed to file a compliant affidavit relating to his previous lawsuits and (2) his claims were frivolous as having no arguable legal basis. *See id.* § 14.003(a)(2) (West 2002), § 14.004 (West Supp. 2013).

As part of his responses to the motions to dismiss, Brager filed a second previous-filings affidavit stating that he had "filed a number of state and federal habeas corpus applications" but that he did not "possess any of the documents in those cases," although one had been dismissed. He also disclosed that he had filed a "recent disciplinary case[]" that did not "involve any of the defendants named in the [instant case]." Finally, Brager asserted that he had filed "lawsuits in federal court," but he did "not possess and [did] not recall the claim of those lawsuits nor the defendants['] names"; however, Brager stated that none of the suits were currently pending and none involved the defendants named in the instant action. However, one federal-court action that Brager admitted he filed previously but voluntarily dismissed was brought against James, who is a defendant in the instant action. Brager explained that he believed section 14.004 solely required disclosure of state-court actions.

On February 25, 2013, the trial court "considered" Anders, Smith, Vondra, James, and Alford's motion and entered a final judgment ordering "that Plaintiff's entire suit is **DISMISSED AS FRIVOLOUS** and for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code." On March 21, 2013, the trial court entered a second final judgment after considering Johnston's motion to dismiss and ordered "that Plaintiff's entire suit is **DISMISSED AS FRIVOLOUS** and for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code." Both judgments stated that "all claims and all parties to this suit" were disposed of by the judgment and that it was "final."

After each judgment, Brager requested that the trial court enter findings of fact and conclusions of law and, later, filed a notice of past due findings and conclusions. *See* Tex. R. Civ. P. 296, 297. The trial court did not enter the requested findings and conclusions, presumably because rules 296 and 297 do not apply when an inmate's case is dismissed under chapter 14. *See Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ)). Brager then filed a notice of appeal.

In one issue, Brager asserts that the trial court abused its discretion by dismissing his claims. Indeed, we review a trial court's decision to dismiss an inmate's claims under chapter 14 for an abuse of discretion. *Wallace v. Tex. Dep't of Criminal Justice–Inst. Div.*, 36 S.W.3d 607, 610 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A court abuses its discretion if it acts without

4

reference to guiding rules or principles. *Id.* However, "we will affirm the dismissal if it was proper under any legal theory" advanced in the motion to dismiss. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).

We conclude that the trial court did not abuse its discretion by dismissing Brager's claims on the basis that his previous-filings affidavits were insufficient. The purpose of section 14.004 is to curb constant, often duplicative, inmate litigation by requiring the inmate to notify the trial court of previous litigation and the outcome. *Bell v. Tex. Dep't of Criminal Justice–Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Based on the supplied information, the trial court may determine, based on the previous filings, whether the pending lawsuit is frivolous because it is substantially similar to a prior claim filed by the inmate. *Samuels v. Strain*, 11 S.W.3d 404, 406–07 (Tex. App.—Houston [1st Dist.] 2000, no pet.). As pointed out in the motions to dismiss, Brager's previous-filings affidavits did not comply with section 14.004 because they did not include all of his previous filings as a prisoner, did not include the operative facts of any of the lawsuits, and failed to indicate how each case was disposed of. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2). As such, the trial court could presume that the suit was substantially similar to a previously filed suit and dismiss the suit as frivolous. *See Clark v. J.W. Estelle Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). The noncompliance of Brager's previous-filing affidavits is a sufficient, independent

5

basis to support dismissal of his claims. *See* Tex. Civ. Prac. & Rem Code Ann. § 14.004; *Thompson v. Silvas*, No. 01-02-01083-CV, 2003 WL 22254950, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 2, 2003, no pet.) (mem. op.); *Thompson v. Rodriguez*, 99 S.W.3d 328, 329–30 (Tex. App.—Texarkana 2003, no pet.). We overrule Brager's issue.

In their brief, James, Anders, Smith, Alford, Vondra, and Johnston argue that Brager is additionally arguing that the trial court abused its discretion by failing to specify the bases for dismissal in its final judgment. Although Brager did not raise this as a specific issue on appeal, we will address it in an abundance of caution. After the dismissal, Appellant requested findings and conclusions under rule 296, which the trial court did not enter. As we stated above, the rule requiring findings and conclusions after a bench trial is not applicable to chapter 14 dismissals. *See Retzlaff*, 94 S.W.3d at 655. In any event, we are to affirm an order granting a dispositive motion that does not specify the grounds for dismissal if any of the theories advanced in the motion supports dismissal. *Walker v. Gonzales Cnty. Sheriff's Dep't*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi 2000, pet. denied). As discussed above, dismissal on the basis of Brager's inadequate previous-filings affidavits was a valid exercise of the trial court's broad discretion under chapter 14; thus, the trial court did not abuse its discretion in dismissing Brager's claims even in the absence of specific findings and conclusions.

6

The trial court did not abuse its discretion by dismissing Brager's claims, and we affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  February 13, 2014